# Burks *v.* Parker.

*Bill to Settle Partnership.*

(Decided April 8, 1915.   68 South. 271.)

1. *Compromise and Settlement; Effect.*—A settlement between parties sui juris, in the absence of fraud, accident or mistake, is binding on the parties.

2. *Same; Impeachment of; Fraud.*—Where a settlement is obtained by fraud, the entire settlement will be set aside; but where it is attacked for mistake, it can be surcharged and falsified only to the extent of mistake alleged and proved by the party attacking it.

3. *Partnership; Settlement; Evidence.*—The evidence examined and held to show that the partners had made a full settlement of their affairs, and not merely divided the assets.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by T. M. Burks against J. M. Parker to settle a partnership. Decree for respondent and complainant appeals. Affirmed.

STROTHER & NOLAN, for appellant.

FELIX L. SMITH, for appellee.

GARDNER, J.—The bill in this case was filed by the appellant against the appellee for the settlement of a partnership. The answer sets up the defense that a final settlement of the partnership had been made. The complainant seems to insist in his testimony that the settlement referred to by the respondent was but a division of the assets on hand, and not a settlement of the partnership business. From a decree dismissing the bill, complainant prosecutes this appeal.

(1, 2) "When parties who are sui juris make a final settlement between themselves, such settlement is as binding on them in many respects as a decree of the court. Such settlement may be opened for fraud, accident, or mistake. * * * 'The rule is settled that, where errors or mistakes only are shown, the account will not be opened, as where fraud is shown; but the party alleging error or mistake in the account will be permitted to surcharge and falsify it.' * * * 'The distinction between opening and surcharging and falsifying is important, because, when opened, the whole of it may be unraveled; but, when permission is given to surcharge and falsify it, the onus is on the party who alleges mistakes to prove them.' * * * In a bill to surcharge and falsify a settlement for error or mistake therein, it is imperative that the party complaining should have set out clearly in the bill and proven the errors and mistakes complained of. It will not do for him to state that there were errors, mistakes, and omissions, and then to prove them on the hearing. They must be distinctly set out in the bill, and the proof must correspond with the allegations."—*Scheuer v. Berringer*, 102 Ala. 216, 14 South. 640.

In the bill here under review there is no averment of fraud, accident, or mistake, or any undue advantage, in making a settlement, and no effort, therefore, to open

a settlement made. Nor is there any averment as to any error or mistake in such settlement, and no effort therefore to surcharge and falsify the account. The bill is not in the alternative, but proceeds upon the sole theory that there has been no final settlement of the partnership, and the scope of the inquiry here, as it was before the chancery court, is narrowed down to this one issue.

(3) We think it can be safely stated that the evidence clearly shows that the complainant himself sought a settlement of the partnership affairs. Indeed, the complainant in effect so states where he testifies: "I got Mr. Nolen to go to him for a settlement."

It is shown that the parties agreed that one Monroe Parker and complainant should make the statement of account and the settlement between the parties; the respondent being unwell and confined to his house much of the time. This they proceeded to do, and were engaged in the same several days, concluding their labors in this respect about January 19, 1909.

One statement of account was given complainant and one to respondent, a division was made of certain notes and mortgages payable to the firm, and also of two head of stock. Complainant says: "We divided the two head of stock between [us]. The balance of the assets consisted in notes and mortgages. As near as we could get at it, this settlement referred to in his direct examination contains a full statement of the assets of the firm at that time as near as we could get at it. * * * At that time all the debts of the partnership had been paid. Since that time the partnership of Parker & Burks has done no business. After that time, after the 19th day of January, 1909, nothing was said between me and Mr. Parker about a settlement. I had no con-

versation with Mr. Parker after that time about a settlement of the partnership business up to this date."

The bill was filed April 12, 1912, more than three years from the alleged settlement, and no word of complaint to respondent during that period.

The witness Monroe Parker states the settlement had was full, complete, final, and satisfactory to both parties, and this testimony is corroborated by that of the witness Martin. The respondent insisted it was a final settlement, made at the instance and request of the complainant, and that the complainant had kept the books of the firm. All the intervening period from the time of settlement in January, 1909, to the time of the filing of the bill in April, 1912, complainant lived a short distance from respondent, was seen by him often, and no complaint was made. There seems to have been a division of such assets as the firm possessed, there were no debts due by the partnership, and from that date no business transacted by them as a firm. A further discussion of the evidence is unnecessary, and would serve no good purpose. It has been carefully considered. No fraud, accident, or mistake, or undue advantage is alleged or set up. The only question for determination is whether or not there was a final settlement of the partnership affairs.

We conclude, as did the learned chancellor, that it was a final settlement, binding upon the parties, and his decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.