The Circuit Court of Mobile County granted the appellees' motion to dismiss the appellants' complaint. That order was apparently based upon the parties' compliance with the provisions of a prior settlement agreement. The appellant-plaintiffs appeal, contending the settlement agreement did not resolve all the issues presented in the proceeding and thus the court erred in granting the motion to dismiss.
The pertinent facts reveal the following:
The plaintiff-appellants and the defendant-appellees formed a joint venture to construct an all-purpose building for the Martin Luther Evangelical Lutheran Church. The plaintiffs filed a complaint seeking to determine what member(s) of the joint venture was authorized to receive payments from the church for work performed under the construction contract. The church then filed a pleading seeking to interplead the monies due and to require the plaintiffs and defendants to settle between themselves their rights to the monies due by the church.
Thereafter, the defendants filed their answer and counterclaim to the plaintiffs' complaint, praying for the following relief:
 "1. Ascertaining the unpaid amounts of money due from MARTIN LUTHER EVANGELICAL LUTHERAN CHURCH, a religious corporation, to plaintiffs and defendants, THOMAS H. BROWN and MACK M. CHASTANG, and ordering the unpaid balance of said monies paid into Court.
 "2. Ordering the plaintiff, SAMUEL V. NERO, and the defendants, THOMAS H. BROWN and MACK M. CHASTANG, to execute a check paying all the balance of their joint checking account, specifically set up for this matter, into Court.
 "3. Ordering a full accounting of all items of receipt and expenditure in the construction of the multi-purpose building of the MARTIN LUTHER EVANGELICAL LUTHERAN CHURCH.
 "4. Ordering all unpaid invoices and expenses properly incurred for the construction of the multi-purpose building or the MARTIN LUTHER EVANGELICAL LUTHERAN CHURCH to be paid from the monies paid into Court.
 "5. Ascertaining the profit from this venture and ordering appropriate payment to each of the parties.
 "6. Ascertaining and awarding a reasonable attorney's fee for the attorneys for defendants and cross-claimants, THOMAS H. BROWN and MACK M. CHASTANG."
Basically, these subsequent pleadings converted the case into one for an accounting of the joint venture account and a claim for division of profits or losses, whichever was appropriate.
In September, 1976, a settlement agreement was reached by the parties and read into the record. Pertinent parts of the agreement are set out as follows:
 "MR. TAYLOR: Your Honor, if I may, with Mr. Figures' permission, I will attempt to give Your Honor a close approximation of figures. There is approximately $31,000.00 due under the *Page 742 
contract with the Church to Nero Construction Company whom Mr. Figures represents. At this point in time, under the contract the Church is due to pay in $24,051.00 toward the balance due on the contract, and they are prepared to pay that over today.
"THE COURT: Over to whom, Mr. Taylor?
 "MR. TAYLOR: Under the terms of our agreement, we are prepared to pay it over jointly to Mr. Nero, Mr. Brown, and Mr. Chastang; and Mr. Brown, Mr. Chastang, and Mr. Nero have agreed to jointly execute checks to pay the subcontractors which we've agreed on 83% of the total owed them out of the $24,000.00, after the payment of Mr. Kimbrough's $500.00 attorney fee. Then when Mr. Nero completes the contract with the Church, the Church is in a position to pay over the balance remaining under the contract, which is roughly $7,000.00, which would be paid on the same basis — jointly to Mr. Nero, Mr. Brown, and Mr. Chastang, and they would at that time then pay the balance remaining due to all the subcontractors in full; and if for some reason the $7,000.00 were not paid in full, they would be obligated — one-third, one-third, one-third — to make up the difference to see that the job was paid in full in order to obtain proper releases of liens against the construction project. In the event there is an excess in the $7,000.00, it would be paid jointly — one-third, one-third, one-third — to Mr. Brown, Mr. Chastang and Mr. Nero, if my understanding is correct.
. . . . .
 "THE COURT: All right. Now that's your understanding of the whole agreement. Is that your understanding?
"MR. KIMBROUGH: Yes, sir.
"THE COURT: Is that your understanding?
"MR. FIGURES: Yes, sir."
In December of 1976, pursuant to the above settlement agreement, the trial court entered a judgment concerning the final payment to be made by the church.
 "It is therefore ORDERED, ADJUDGED and DECREED that the following relief be and the same is hereby granted:
 "1. The Defendant, Counter Claimant and Cross Claimant, Martin Luther Evangelical Lutheran Church, is hereby ordered to pay to the account of Samuel Nero, Thomas J. Brown and Mack M. Chastang the sum of $7,354.00 and upon the payment of the same the said Defendant, Counter Claimant and Cross Claimant shall be and is hereby dismissed from this action.
 "2. The said Plaintiff, Nero Construction Company, and the Defendants, Defendants to the Counterclaim and cross-claim, Defendants and Counter Claimants, Thomas H. Brown and Mack M. Chastang are ordered to execute such checks from the joint-venture checking account as are necessary to pay off the remaining sub-contractors and materialman to whom balances are due in accordance with the Stipulation of September 9, 1976, in this matter.
 "3. To retain the balance in the approximate amount of $2,400.00 in the joint venture checking account pending a final determination by the Court of the disposition of said balance and of the future relations between the parties themselves." [Emphasis supplied.]
In June of 1977, the defendants filed a motion to dismiss, stating that there was nothing under the settlement agreement left to be determined by the court and therefore the relief sought by the pleadings had been satisfied. On June 9, 1977, the court granted the motion and therefore the complaint, cross claims, and counterclaims were dismissed.
The next day, through a different attorney, plaintiff-Samuel Nero filed an amendment to his original complaint, setting forth a second cause of action. The plaintiff alleged that the defendants had agreed to pay him $1,000 per month for a maximum of four months to supervise the construction *Page 743 
of the all-purpose building. The plaintiff further alleged that the defendants had failed to pay their portion of the costs and expenses arising from the construction. A motion to reconsider the court's order granting the motion to dismiss was also filed by the plaintiff.
The court, after considering the complaint, stipulation, and amended complaint, denied the plaintiffs' motion to reconsider. This also had the effect of dismissing plaintiff-Samuel Nero's amended complaint which set forth his claim for supervision fee. The plaintiffs appeal.
The dispositive issue on this appeal is whether the settlement agreement resolved all the issues presented by the pleadings. If so, the trial court did not err in granting the defendant's motion to dismiss.
The law in Alabama is clear in that agreements made in settlement of litigation are as binding on parties thereto as any other contract. See Brocato v. Brocato, Ala., 332 So.2d 722
(1976). A settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced. SeeCia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33 (5th Cir. 1967).
When parties who are sui juris make a final settlement between themselves, such settlement is as binding on them in many respects as a decree of the court. However, such settlement may be opened for fraud, accident, or mistake. SeeBurks v. Parker, 192 Ala. 250, 68 So. 271 (1915).
In the present case, appellant has not raised any issue concerning fraud, accident, or mistake. Therefore, the settlement agreement is binding upon the appellant and cannot be repudiated.
A valid compromise agreement is conclusive only as to those matters which the parties have fairly intended to include within its terms. It does not ordinarily include claims not known at the time of, or arising after, the settlement. Thus, a settlement of a claim is conclusive of all elements of the claim except those specifically reserved by the parties. SeeSouthern Ry. Co. v. Louisville N.R. Co., 241 Ala. 691,4 So.2d 400 (1941); 15A C.J.S. Compromise and Settlement § 27.
It is clear to this court that the parties to the settlement agreement were fully cognizant of the issues raised by the pleadings. There were no claims which arose after the settlement was entered into. The record and the briefs both indicate that a full accounting was intended.
Specifically, the pleadings, as noted above, requested a determination of the monies which had become due from the church; how the expenses were to be paid; and how the profits were to be ascertained and appropriately divided. Clearly, the parties intended to resolve all aspects of the joint venture and to create a "clean slate" between the parties. This is noted in the trial court's order of December, 1976, as set out above, which succinctly stated that a final determination of the future relations between the parties would take place prior to the joint venture's checking account termination.
At no time during the pleadings or settlement was the issue of the appellant's supervision fee reserved or excepted from the issues presented. Therefore, the court could well have found that the settlement agreement embodied all the issues presented by the pleadings. See Southern Ry. Co. v. Louisville N.R. Co., supra; 15A C.J.S. Compromise and Settlement, supra;
15A Am.Jur.2d Compromise Settlement §§ 23-25.
When the provisions of the settlement agreement were fulfilled, the trial court then could properly dismiss the complaint since the settlement agreement was intended to resolve all the issues between the parties. There being no allegations of fraud, mistake, or accident, the trial court did not err in granting defendant's motion to dismiss. In view of the above, this cause is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 744