UNITED STATES of America, for the Use and Benefit of ROPER, IBG, A DIVISION OF ROPER CORPORATION, Plaintiff-Appellant,

v.

A.I. REISZ and National Surety Corporation, Defendants-Appellees.

No. 82–7067.

United States Court of Appeals, Eleventh Circuit.

Nov. 3, 1983.

W.J. Sullivan, Jr., Mac B. Greaves, Birmingham, Ala., for plaintiff-appellant.

Thomas Elliott, Jr., Birmingham, Ala., for defendants-appellees.

Before TJOFLAT, HILL and JOHNSON, Circuit Judges.

TJOFLAT, Circuit Judge:

This is a Miller Act case. I.B.G., International, Inc. (I.B.G.), a subcontractor, sued A.I. Reisz, d/b/a Reisz Engineering Co. (Reisz), the general contractor, for the balance due on its subcontract. Reisz counterclaimed, claiming, inter alia, that it was damaged because of I.B.G.'s delay in performing the work. The jury awarded Reisz $87,223.07 on this claim. In this appeal, I.B.G. asks us to set aside this jury award for want of sufficient evidence or, alternatively, to grant it a new trial. We decline to grant either form of relief. We do,

however, find that the district court erred in calculating prejudgment interest.

## I.

Reisz was prime contractor for the Tennessee Valley Authority (TVA) on an experimental greenhouse project entailing the use of cooling waters from its Browns Ferry nuclear plant near Athens, Alabama. Reisz hired I.B.G. as a subcontractor to supply a substantial part of the materials and labor for the project. Shortly after I.B.G. came on the job in December 1977, a dispute arose between them as to whether I.B.G. was to do the plumbing work. When the dispute was not resolved at the end of December, I.B.G. pulled its men off the job. Negotiations for a resolution of the dispute ensued, culminating in an agreement between the two parties dated April 4, 1978. I.B.G. returned to the job in May, and the greenhouse was completed and accepted by TVA in December 1978.

Reisz withheld the final payment due I.B.G.; therefore, in August 1979, I.B.G. brought this suit against Reisz and its surety, National Surety Company, seeking the withheld sum. As an affirmative defense Reisz admitted that it had failed to make the final payment, as alleged, but claimed that it was not indebted to I.B.G. because I.B.G. was liable to it for certain warranty items and backcharges, and for damages Reisz allegedly suffered because of I.B.G.'s delay in performing the subcontract.[1] Reisz counterclaimed for these items of damages. Because of the possibility that its claim for delay damages occurring prior to April 4, 1978, had been foreclosed by the settlement agreement of that date,[2] Reisz alleged, in its counterclaim, that the settlement agreement was void for lack of consideration. I.B.G., in reply, denied all the allegations of Reisz' counterclaim.

At the pretrial conference, the parties stipulated that I.B.G. was due a final payment of $91,499.03 and that Reisz was due $12,776.93 for warranty items and back charges. The only matter remaining for trial was Reisz' counterclaim for delay damages.

The counterclaim was tried to a jury. At the close of Reisz' case, I.B.G. moved for a directed verdict under rule 50(a) of the Federal Rules of Civil Procedure on the ground, inter alia, that the April 4 settlement agreement had foreclosed all of Reisz' claims for delay, whether they had occurred before or after April 4, 1978. The court denied the motion. I.B.G. then put on its case. Reisz offered no rebuttal. Neither side moved for a directed verdict at the close of all the evidence. See Fed.R.Civ.P. 50(b). Following a charge conference and the final summations of counsel, the court submitted Reisz' counterclaim to the jury.[3] The jury returned a verdict awarding Reisz $87,223.07 in delay damages. After taking into account the amounts the parties stipulated were due one another, the court entered a final judgment for Reisz in the sum of $8,500.97, together with prejudgment interest on this amount from January 1, 1979. I.B.G. then moved the court for judgment

---

1. The district court had subject matter jurisdiction of Reisz' counterclaim because it was a compulsory counterclaim, arising out of the same contract for which I.B.G. sought payment under the Miller Act bond Reisz had posted pursuant to 40 U.S.C. § 270b(b) (1976). *United States v. Thermo Contracting Corp.*, 437 F.Supp. 195, 198 (D.N.J.1976). *See Graybar Elec. Co. v. John A. Volpe Const. Co.*, 387 F.2d 55, 57 n. 3 (5th Cir.1967).

2. Alabama law regarding the scope of a settlement agreement is set forth in *Nero v. Chastang*, 358 So.2d 740 (Ala.Civ.App.1978), *cert. denied, ex parte Nero*, 358 So.2d 744 (Ala. 1978). Generally, a compromise agreement covers only matters that the parties "have fairly intended to include"; however, this notion is read broadly to cover all claims arising from the dispute known at the time of the settlement and not expressly preserved. *Id.* at 743. Since at the time of the agreement I.B.G. and Reisz both had ripe delay claims for damages caused by the dispute, the delay claims were arguably settled by the agreement, as they were not expressly reserved.

3. The court instructed the jury to return a verdict for Reisz in the amount of the stipulated damages (for the warranty and back charge items) of $12,776.93, plus whatever sums the jury might determine were due Reisz as a result of any delay in the work caused by I.B.G.

n.o.v. or, alternatively, for a new trial. See Fed.R.Civ.P. 50(b). That motion was denied, and I.B.G. took this appeal.

## II.

We first address I.B.G.'s motion for judgment n.o.v. Rule 50(b) of the Federal Rules of Civil Procedure requires that a party move for a directed verdict at the close of all the evidence as a prerequisite to its motion for judgment n.o.v. Fed.R.Civ.P. 50(b) advisory committee note. A motion for a directed verdict at the close of plaintiff's case will/not suffice unless it is renewed at the close of all the evidence. *Special Promotions, Inc. v. Southwest Photos, Ltd.,* 559 F.2d 430, 432 (5th Cir.1977).[4] As this case went to trial on the counterclaim, Reisz presented evidence first. I.B.G., though it moved for a directed verdict at the close of Reisz' case, never renewed its motion after presenting its case. Therefore, I.B.G. was not entitled to move for a judgment n.o.v., the district court had no authority to entertain I.B.G.'s motion therefor, and we will not determine whether the court should have directed a verdict for I.B.G. at the close of all the evidence.

I.B.G.'s failure to move timely for a directed verdict does not, however, preclude our review of the district court's denial of I.B.G.'s motion for a new trial. *Special Promotions,* 559 F.2d at 432. I.B.G.'s claim that the district court wrongfully allowed the jury to find that Reisz was damaged by I.B.G.'s delay prior to April 4, 1978, could, if I.B.G. made proper and timely objection at trial, warrant a new trial. The submission to the jury of an issue not proper for its consideration may be a ground for a new trial. *United N.Y. & N.J. Sandy*

*Hook Pilots Ass'n v. Halecki,* 358 U.S. 613, 619, 79 S.Ct. 517, 520, 3 L.Ed.2d 541 (1959). Thus, if I.B.G. had requested the district court, in its instructions, to take the issue of pre-April 4 delay from the jury, or had objected to the court's instruction that the jury could find pre-April 4 delay, we could consider whether a new trial is warranted. However, I.B.G. made no such objection.[5] We therefore cannot award I.B.G. a new trial on the ground that the district court erred in permitting the jury to consider pre-April 4 delay. Generally, issues not raised and preserved in the trial court will not be considered on appeal. *Brookhaven Landscape v. Barton Contracting Co.,* 676 F.2d 516, 523 (11th Cir.1982).

I.B.G. raises no other claims for a new trial meriting discussion here. Accordingly, the district court properly denied I.B.G.'s motion for a new trial.[6]

## III.

Under Alabama law only liquidated claims ordinarily are subject to prejudgment interest. *E.C. Ernst, Inc. v. Manhattan Construction Company of Texas,* 551 F.2d 1026, 1042 (5th Cir.1977), *cert. denied sub nom Providence Hospital v. Manhattan Const. Co. of Texas,* 434 U.S. 1067, 98 S.Ct. 1246, 55 L.Ed.2d 769 (1978). There are two exceptions:

(1) when the amount of damages are capable of being ascertained by mere computation; and (2) when the damages are complete at a particular time and can be determined as of such time in accordance with fixed rules of evidence and known standards of value.

---

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**5.** In fact, I.B.G. requested the court to allow the jury to determine whether or not the April 4, 1978, agreement settled and therefore foreclosed Reisz' claim. Such an instruction would have been proper only if the April 4 agreement were ambiguous, so that the parties' intent became an issue. Since the April 4 agreement

was not ambiguous, the scope of the agreement was a question of law for the court, not for the jury.

**6.** I.B.G. does not contend on appeal that the damages award was against the manifest weight of the evidence, thus warranting a new trial; rather it only contends that its directed verdict motion should have been granted on that issue. I.B.G.'s other claims for a new trial are without merit.

*Belcher v. Birmingham Trust National Bank,* 488 F.2d 474, 477 (5th Cir.1973).

Neither of these exceptions is applicable here; the parties did not agree that I.B.G. caused any specific number of delay days, and cost per day was not even in evidence. Thus, the duration of the delay was not certain and the amount of damages was not ascertainable simply by computation. The damages responsibility and amount were jury questions; therefore, the claim was not subject to a prejudgment interest calculation.

■ Whether the unliquidated portion should have been set off against the liquidated amount stipulated to be owed to I.B.G. is a more difficult question. The trial court, finding no Alabama law on point, applied the proposition asserted in *Macri v. United States,* 353 F.2d 804, 808 (9th Cir.1965):

> [S]ome courts declare that in instances where the counterclaim is for defective performance of the contract on which the liquidated claim is based, the damages assessed under the counterclaim are regarded as payment *pro tanto* and interest should be awarded only on the remainder.

This theory recognizes that when the contractor withholds payment at a time when an unliquidated damages claim has accrued to him, where the two claims are related, it would penalize the contractor to award interest on that part of the liquidated claim which is offset by the unliquidated claim. This approach has been called the "interest on the balance rule." While it is often discussed in the context of a small unliquidated claim partially offsetting a larger liquidated claim, such that prejudgment interest is only awarded on the balance, the same principle applies, as here, when a large unliquidated claim more than offsets a smaller liquidated claim. *See Socony Mobile Oil Company v. Klapal,* 205 F.Supp. 388, 390 (D.Neb.1962). The delay claim asserted

here accrued before the withholding of I.B. G.'s final payment, and, according to Reisz, justified the withholding; it is thus the kind of unliquidated claim directly related to the payment withholding that demands application of this theory.

The trial judge was correct in recognizing the appropriateness of applying the "interest on the balance rule"; however, he failed to apply it correctly in this case. The judge offset the jury award of $100,000 ($87,-223.07 unliquidated and $12,776.93 liquidated warranty and backcharge) against the stipulated liquidated damages of $91,499.03 owing to I.B.G. for work performed. The judge noted that the remaining $8,500.97, as it was less than the liquidated $12,776.93, was a liquidated balance, on which prejudgment interest should be awarded.[7]

We believe logic compels that the stipulated liquidated offset of $12,776.93 be made first, and that the $8,500.97 remaining after the claims are offset thus be treated as an unliquidated damage claim for which interest should be allowed only from the date of the judgment.

This result fits the interest on the balance theory in that Reisz withheld the final payment recognizing that I.B.G. owed it the warranty and backcharge and delay damages effectively as of that date. While an unliquidated amount does not accumulate prejudgment interest, it would penalize Reisz not to allow so much of the unliquidated amount as it withheld *because* of I.B.G.'s inadequate performance of the work to be set off against the amount due I.B.G. on a dollar for dollar basis. Since Reisz knew *when it withheld the sum from* I.B.G. that I.B.G. owed it the warranty and backcharge, Reisz can be said to have withheld only $78,722.10 as contemplated delay damages. Since Reisz was awarded $8,500.97 more than that amount on its unliquidated claim, that unliquidated amount is what remains after the set-off.[8]

---

**7.** While Reisz never claimed interest on the warranty and backcharge, the judge recognized that Reisz did not need to claim interest on these amounts in order to be entitled to inter-

est. *Alabama Terminix Co. v. Howell,* 276 Ala. 59, 158 So.2d 915, 918 (1963).

**8.** In other words, the liquidated $12,776.93 owing to Reisz should be set off against the liqui-

As the unliquidated amount does not accumulate prejudgment interest, we reverse on the award of prejudgment interest on the $8,500.97 owed to Reisz, and direct the district court, on remand, to correct the final judgment accordingly.

AFFIRMED in part; REVERSED in part, and REMANDED, with instructions.

dated final payment of $91,449.03 owing to I.B.G. first. Then, the unliquidated delay damage award owing to Reisz should be set off dollar for dollar against the final payment until the entire final payment is offset. At that point Reisz has justified its withholding, and I.B.G. has not been allowed any interest advantage because its claim was liquidated. Thus, Reisz takes the rest of its unliquidated damage claim according to the general rule, without prejudgment interest.