In re **MIRAMAR, INC.,** Debtor.

**WIGGS, INC.,** et al., Plaintiff,

v.

**George I. RICHMAN,** et al., Defendant.

**Bankruptcy Nos. 85–03657–R, 85–1185–R.**

United States Bankruptcy Court, E.D. Michigan.

Jan. 26, 1987.

See also, Bkrtcy., 70 B.R. 34.

Thomas Cranmer, Bloomfield Hills, Mich., for defendant.

Samuel Behringer, Birmingham, Mich., for plaintiff and third-party defendants.

## ORDER DENYING MOTION FOR NEW TRIAL

STEVEN W. RHODES, Bankruptcy Judge.

Judgment in this adversary proceeding was entered on August 7, 1986. On August 18, 1986, plaintiffs Wiggs, Inc. and Miramar, Inc., and third party defendants Sheldon and Geraldine Schwartz filed a joint motion for a new trial pursuant to Rule 59, Federal Rules of Civil Procedure. This motion was served on Richman by personal service on his counsel on August 19, 1986. In response to the motion for new trial, Richman contends that the motion was untimely under the applicable rules, because it was not served within 10 days of the entry of judgment. The movants contend that the motion was timely served.

Rule 59, Federal Rules of Civil Procedure, is made applicable in bankruptcy by Bankruptcy Rule 9023, which provides, "Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008."

The Advisory Committee note to Bankruptcy Rule 9023 provides:

Rule 59 F.R.Civ.P. regulates motions for a new trial and amendment of judgment. Those motions must be served within 10 days of the entry of judgment. No similar time limit is contained in Rule 3008 which governs reconsideration of claims.

Rule 59, Federal Rules of Civil Procedure, provides in pertinent part:

**(b) Time for Motion.** A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

*See also:* 11 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2812 at 81–87.[1]

In the present case, under the computation procedures of Civil Rule 6(a) and Bankruptcy Rule 9006(a), the 10 day time period

---

1. "The reason for a short time limit on motions for a new trial is to promote the finality of judgments." *Id.* at 87.

for service of the motion for new trial commenced on August 8, 1986, the day after the entry of the judgment. The tenth day thereafter was August 17, 1986, but because that day was a Sunday, the motion was required to be served by August 18, 1986. Because the present motion was served on August 19, 1986, it must be held that it was untimely, unless another provision would extend the applicable time period.

The movants contend that another provision of Civil Rule 6(a) does extend the applicable time period:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Prior to August 1, 1985, this rule excluding Saturdays, Sundays and holidays only applied to time periods less than seven days. The Advisory Committee note on the 1985 Amendment states:

> The Rule also is amended to extend the exclusion of intermediate Saturdays, Sundays, and legal holidays to the computation of time periods less than 11 days. Under the current version of the Rule, parties bringing motions under rules with 10–day periods could have as few as 5 working days to prepare their motions. This hardship would be especially acute in the case of Rules 50(b) and (c)(2), 52(b), and 59(b), (d), and (e), which may not be enlarged at the discretion of the court. See Rule 6(b). If the exclusion of Saturdays, Sundays, and legal holidays will operate to cause excessive delay in urgent cases, the delay can be obviated by applying to the court to shorten the time. See Rule 6(b).

Richman agrees that if Civil Rule 6 applies, then the motion for new trial was timely served. He contends, however, that Civil Rule 6 does not apply, but rather the applicable time computation rule is Bankruptcy Rule 9006(a), which provides in pertinent part:

> When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Thus, at the present time there is discrepancy between Civil Rule 6(a) and Bankruptcy Rule 9006(a) as to the circumstances in which the intermediate Saturdays, Sundays and holidays will be excluded.[2]

The movants contend that Civil Rule 6(a) applies by its terms to a motion for a new trial brought under Civil Rule 59; they point to the opening language of Rule 6(a):

> In computing any period of time prescribed or allowed *by these rules* …

Thus, the movants contend that the 10 day time period of Civil Rule 59(b), made applicable in bankruptcy by Bankruptcy Rule 9023, is computed according to Civil Rule 6(a).

The Court concludes that this logic must be rejected, and that Richman correctly argues that Bankruptcy Rule 9006(a) controls the computation of time periods in bankruptcy cases and adversary proceedings. The Advisory Committee note to Bankruptcy Rule 9006(a) specifically so indicates:

> This is an adaptation of Rule 6 F.R.Civ.P. It governs the time for acts to be done and proceedings to be had in cases under the Code and any litigation arising therein.

Moreover, the differences between Civil Rule 6 and Bankruptcy Rule 9006 reflect the specific necessity of promptness in bankruptcy. The Advisory Committee note to Bankruptcy Rule 9006 continues, "In the interest of prompt administration of bankruptcy cases, certain time periods may not be extended." Significantly, one example cited in this note is the prohibition in Bankruptcy Rule 9006(b)(2) against enlarging the time period for taking action under Bankruptcy Rule 9023, the very rule under which the present motion for new trial is brought. It is true that the specific issue

---

**2.** The Court notes that the pending amendments to the Bankruptcy Rules would conform Bankruptcy Rule 9006(a) to Civil Rule 6(a) and would eliminate the discrepancy.

before the Court does involve the application of the prohibition in Bankruptcy Rule 9006(b)(2), because the movants have not requested the Court to extend the time period. Nevertheless, the reference in Bankruptcy Rule 9006 to Bankruptcy Rule 9023 strongly suggests that Bankruptcy Rule 9006, rather than Civil Rule 6, was intended to apply specifically to motions for new trial and generally to all bankruptcy litigation.

Finally, the Court notes that considerable confusion could result if the Court accepts the movants' position that Civil Rule 6 applies. Questions would thus arise in numerous other circumstances as to which time computation rule to apply; the efficient administration of justice requires that the Court and counsel look to one rule for time computation in bankruptcy—Bankruptcy Rule 9006.[3]

In conclusion, the Court must express its hope that in the future, these types of changes in the Federal Rules of Civil Procedure will be coordinated with corresponding changes in Bankruptcy Rules, so that the possibility of confusion will be minimized, and unnecessary litigation can be avoided.

IT IS HEREBY ORDERED that the movants' motions for new trial be denied as untimely.

---

**3.** To the extent that the Court should consider the equity of the movants' position arising from the discrepancy between the two rules, the Court only notes that nothing before the Court suggests that movants' counsel relied upon the recently amended Civil Rule 6 in serving the motion for new trial on August 19, 1986, rather than on August 18, 1986. Accordingly, the Court concludes that the movants are entitled to no relief on this basis, assuming that the Court could consider this argument.