In re MIRAMAR, INC., Debtor.

WIGGS, INC., et al., Plaintiff,

v.

George I. RICHMAN, et al., Defendant.

**Bankruptcy No. 85–03657–R.
Adv. No. 85–1185–R.**

United States Bankruptcy Court,
E.D. Michigan.

Jan. 26, 1987.

See also, Bkrtcy., 70 B.R. 32.

Samuel Behringer, Birmingham, Mich., for plaintiff and third-party defendants.

Thomas Cranmer, Bloomfield Hills, Mich., for defendant.

---

## ORDER DENYING THIRD PARTY DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, ALTERNATIVELY, FOR A NEW TRIAL

STEVEN W. RHODES, Bankruptcy Judge.

Following the entry of a judgment against them based upon a jury verdict, the third party defendants, Sheldon and Geraldine Schwartz, have filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial, based on Rules 50(b) and 59 of the Federal Rules of Civil Procedure.

The Court agrees with Richman that the request for a judgment notwithstanding the verdict must be denied, because the Schwartzes did not move for a directed verdict at the close of the evidence, as required. *See:* Rule 50(b), Federal Rules of Civil Procedure.

A motion for a judgment notwithstanding the verdict cannot be made unless a motion for directed verdict was made by the party at the close·of all the evidence. 9 C. Wright and A. Miller, *Federal Practice and Procedure,* § 2537 at 596.

*See also: United States v. Reisz,* 718 F.2d 1004 (11th Cir.1983); and *Mallick v. International Brotherhood of Electrical Workers,* 644 F.2d 228 (3d Cir.1981).

The Schwartzes contend that they did make a motion for a directed verdict at the close of the evidence. However, the record reflects otherwise, and therefore this contention must be rejected.

Alternatively, the Schwartzes cite two cases for the proposition that such a motion is not a prerequisite to a motion for judgment notwithstanding the verdict. However, in the first case, the court specifically held otherwise. *Warner v. Kewanee Machinery & Conveyor Co.,* 411 F.2d 1060, 1063 (6th Cir.1969), citing and quoting 5 J. Moore, *Federal Practice* ¶ 50.05(1) at 2322. In the second case, *Warkentien v. Vondracek,* 633 F.2d 1 (6th Cir.1980), the movant had made a motion for a directed verdict at the close of the evidence, and therefore this issue was not before the court.

Thus, the request for a judgment notwithstanding the verdict must be denied.

For the reasons stated in the Order Denying Motion for New Trial entered in this proceeding on this date, *Wiggs, Inc. v. Richman,* 70 B.R. 32 (Bankr.E.D.Mich. 1987), it must be concluded that the Schwartzes' alternative request for a new trial is untimely, and must be denied.

Accordingly, IT IS HEREBY ORDERED that the motion for judgment notwithstanding the verdict or, alternatively, for a new trial is DENIED.

