[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-11282
Non-Argument Calendar
_____

D. C. Docket No. 00-00682-CV-KMM

SAMUEL RAND,

Plaintiff-Appellee,

versus

NATIONAL FINANCIAL INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 30, 2002)**

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

National Financial Insurance Company ("NFIC") appeals the denial of its

motion for judgment as a matter of law or in the alternative for new trial in an

insurance contract suit brought by Dr. Samuel Rand.  We affirm in part and reverse in part.

Dr. Rand is a family physician with a practice in Hollywood, Florida.  In 1974 and 1975, Dr. Rand purchased two "total disability" insurance policies from Sun Life Insurance Company of America.  The policies were later reinsured by NFIC on an indemnity basis.  From 1976 to 1980, and again from 1986 to 1991, Dr. Rand collected benefits and stopped paying premiums due to heart attacks that prevented him from practicing medicine.  In 1991, NFIC denied Dr. Rand's request for continued benefits, as it no longer judged him to be totally disabled.  In 1993, Dr. Rand returned to work, although in a more limited capacity.

In 1996, Dr. Rand received a letter from NFIC stating that because he was totally disabled, his premiums for one of the policies had been waived.  Dr. Rand did not receive a waiver of premiums on his other policy, and did not receive any disability benefits, and therefore continued to work.  Two years after waiving the premiums on one policy, NFIC waived the premiums on his other policy and refunded him money paid on premiums, retroactive to 1992.  No benefits were paid to Dr. Rand, even though his policies specified that benefits were due whenever his premiums were waived due to total disability.  In 1998, Dr. Rand filed a series of claims for disability benefits after receiving warnings from his doctors that

continuing to work was a danger to his health and potentially life-threatening. That same year, Dr. Rand underwent a cardiac procedure. NFIC denied Dr. Rand's requests for benefits, however, believing that he was not totally disabled because he had successfully worked as a physician from 1993-1998. Dr. Rand then brought this lawsuit.

The case proceeded to trial, and the jury found in favor of Dr. Rand for breach of contract and fraudulent misrepresentation. The jury found that Dr. Rand had not failed to submit timely claims, and that he was totally disabled from 1996 to 2001 and entitled to disability payments for that period. The jury also found that NFIC made fraudulent misrepresentations to Dr. Rand that resulted in $300,000 in personal injury damages. Two weeks after judgment was entered, NFIC filed a Motion for Judgment as a Matter of Law or in the Alternative for New Trial. The district court denied the motion.

NFIC argues that Dr. Rand failed to establish that he was totally disabled and that he failed to establish that he gave it timely notice of his disability. It also contends that Dr. Rand failed to establish the elements of fraudulent misrepresentation. NFIC therefore asserts that its motion for judgment as a matter of law should have been granted. Federal Rule of Civil Procedure 50(b), however, requires a movant to move for a directed verdict at the close of all evidence in

3

order to challenge the sufficiency of evidence on appeal and NFIC failed to make such a motion.[1]  Where the movant has failed to move for a directed verdict at the close of all evidence, this Circuit in some cases has indicated that we will not conduct any review at all.  See Redd v. Phenix City, Ala., 934 F.2d 1211, 1214 (11th Cir. 1991); United States v. Reisz, 718 F.2d 1004, 1007 (11th Cir. 1983).  Other cases from this court indicate that we will perform the very limited review of "whether the trial court committed plain error which, if not noticed, would result in a manifest miscarriage of justice."  Coker v. Amoco Oil Co., 709 F.2d 1433, 1437 (11th Cir. 1983); see also Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1374 (11th Cir. 1999).  Under either standard, we affirm the denial of the motion for judgment as a matter of law.

NFIC also argues that a new trial should be granted because the district court erred by incorrectly instructing the jury on Florida fraud law.[2]  This court reviews jury instructions de novo "to determine whether they misstate the law or mislead

---

[1] NFIC argues that it would have been impossible for it to move for a directed verdict after the close of evidence and before the jury began deliberations, because the trial court allowed some evidence to be admitted after the jury had already begun deliberating.  This argument might be persuasive if NFIC had made a directed verdict motion at the time the case was submitted to the jury or at the time that evidence was closed.  NFIC failed to make a directed verdict motion at either time, however, and therefore failed to even arguably meet the requirements of Federal Rule of Civil Procedure 50(b).

[2] A party's failure to move for a directed verdict at the close of evidence does not prevent our review of the district court's denial of motion for a new trial.  See United States v. Reisz, 718 F.2d 1003, 1007 (11th Cir. 1983).

4

the jury to the prejudice of the objecting party." Palmer v. Board of Regents of the Univ. Sys. of Ga., 208 F.3d 969, 973 (11th Cir. 2000). NFIC did not raise this issue in its motion for a new trial, but the "settled rule in federal courts . . . is that a party may assert on appeal any question that has been properly raised in the trial court. Parties are not required to make a motion for a new trial challenging the supposed errors as a prerequisite to appeal." 11 Wright, et al., Federal Practice and Procedure § 2818 (2d ed. 1995). Because NFIC objected to the jury instruction at trial, it did not need to include the objection in its new trial motion in order to preserve it for appeal. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 886 (3d Cir. 1991) ("objections to [jury instructions given] at trial are ripe for review upon appeal from a final order whether or not they are raised on motion for a new trial."); Lear v. Equitable Life Assurance Soc'y, 798 F.2d 1128, 1133 (8th Cir. 1986) ("a motion for a new trial is not a prerequisite to raising an objection to a jury instruction on appeal where, as here, the instruction was objected to at trial.").

After reviewing the fraud instruction given by the district court, we agree with NFIC that it was confusing and erroneous and therefore a new trial should be granted on the fraud count. The trial court instructed that:

> To constitute fraud Dr. Rand must also prove that National Financial
> made the misrepresentation knowingly and intentionally, not as a
> result of mistake or accident; that is, that National Financial either
> knew *or should have known* of the falsity of the misrepresentation... .

5

(emphasis added)

This was a misstatement of Florida fraud law. Under Florida law, "to prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff." First Interstate Dev. Corp. v. Ablanedo, 511 So. 2d 536, 539 (Fla. 1987). Here, because of the phrase "should have known", the jurors were instructed improperly that NFIC could have committed fraud without knowing whether or not Dr. Rand was totally disabled. Because the jury instructions misstated the law to the prejudice of NFIC, we grant NFIC's request for a new trial on this issue.

Finally, NFIC argues that a new trial should be granted on the breach of contract claim because the trial court should have instructed the jury on its waiver and estoppel defenses. Reversal for failure to give an instruction is warranted only "if the failure to give the instruction resulted in prejudicial harm to the requesting party." Palmer, 208 F.3d at 973. With regard to estoppel, NFIC asked for a jury instruction that "by failing to timely file claims, Plaintiff has prevented Defendant from exercising its contractual right to fully evaluate and investigate the Plaintiff's claims at the time they arose and, therefore, Plaintiff should be estopped from recovering on those claims." The special verdict form makes clear, however, that the jury found that Dr. Rand had not failed to submit timely claims. NFIC

6

therefore was not prejudiced by the failure to give the estoppel instruction. As for the proposed waiver instruction, NFIC failed to produce any evidence that Dr. Rand intended to relinquish his right to recover under the policies, which is an essential element of that defense. Therefore there was no prejudice in the failure to give a waiver instruction.

For the foregoing reasons, we AFFIRM the denial of NFIC's motion for judgment as a matter of law, we REVERSE the denial of NFIC's new trial motion with respect to the fraud count, and we AFFIRM the denial of NFIC's new trial motion with respect to the failure to give waiver and estoppel instructions.