Jerome C. METCALF, an individual;
et al., Plaintiffs—Appellants,

v.

Steven BOCHCO, an individual;
et al., Defendants,

and

L. Michael Warren, an individual,
Defendant—Appellee.

Jerome C. Metcalf, an individual;
et al., Plaintiffs—Appellants,

v.

Steven Bochco, an individual; et
al., Defendants—Appellees,

and

CBS Productions, Inc., a corporation;
et al., Defendants.

Jerome C. Metcalf, an individual; et
al., Plaintiffs—Cross–Appellees,

v.

Steven Bochco, an individual; et al.,
Defendants—Cross–Appellants,

and

CBS Productions, Inc., a corporation;
et al., Defendants.

Nos. 04–56097, 04–56140, 04–56679.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Filed Aug. 28, 2006.

Robert F. Helfing, Sedgwick, Detert, Moran & Arnold, Los Angeles, CA, for Plaintiffs–Appellants.

Edward A. Ruttenberg, Esq., Leopold, Petrich & Smith, P.C., Los Angeles, CA, for Defendants.

Thomas M. Norminton, Esq., Norminton & Wiita, Beverly Hills, CA, for Defendant–Appellee.

Before: B. FLETCHER, FERGUSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Jerome Metcalf, Laurie Metcalf, and Cornel, Chandler & Associates, Inc. ("the Metcalfs"), appeal the judgment entered in favor of defendants Steven Bochco et al. ("the Defendants") following a jury trial in the Metcalfs' copyright infringement action. The Metcalfs alleged that the Defendants infringed their copyright in three unpublished screenplays by exhibiting the television show "City of Angels." The

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

Metcalfs also appeal the District Court's award of attorney's fees to defendant Michael Warren, who allegedly contributed to the infringement by supplying the screenplays to the Defendants. The Defendants cross-appeal the District Court's order denying their motion for attorney's fees.

We affirm the judgment in favor of the Defendants. We also affirm the District Court's orders awarding attorney's fees to Warren and denying attorney's fees to the Defendants.

## I. Evidentiary Claims

The Metcalfs contend that the District Court erred by failing to allow them to present certain evidence and visual aids during their six-day trial. First, the Metcalfs claim that the District Court erred by refusing to admit hearsay testimony regarding Warren's intent to give the Metcalfs' copyrighted works to Bochco, one of the Defendants. Second, the Metcalfs argue that the District Court erred by refusing to allow them to present expert testimony on the issue of substantial similarity. Third, the Metcalfs contend that the District Court erred by denying their request to use a late-disclosed chart summarizing their claim regarding substantial similarity. We reject all three claims.[1]

### A. Standard of Review

Evidentiary decisions of a district court are reviewed for abuse of discretion, and will not be reversed without a showing of prejudice. *McEuin v. Crown Equip.*

*Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003); *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 887 (9th Cir.1991).

### i. Hearsay Testimony

Hearsay, defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," Fed.R.Evid. 801(c), is generally not admissible as evidence. *See* Fed. R.Evid. 802. Under what has become known as the *Hillmon* doctrine, however, a speaker's out-of-court expressions of present intent to perform an action are admissible to prove the speaker subsequently acted in accordance with his expressed intent. *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892); *Bryson v. United States*, 238 F.2d 657, 661 (9th Cir.1956); *United States v. Pheaster*, 544 F.2d 353, 376 (9th Cir.1976).

■ At several points throughout the trial, the Metcalfs attempted to introduce hearsay testimony regarding Warren's intent to deliver the Metcalfs' copyrighted manuscript to Bochco. The Metcalfs presented three witnesses—Jerome Metcalf, Donald Allen, and Neal Allen—who attempted to testify about Warren's out-of-court statements. Under the *Hillmon* doctrine, at least some of this testimony should have been admitted, including Jerome Metcalf's statement, "[Warren] told me ... he would take [the treatment] to Steven Bochco." The District Court erred

---

1. Defendants cite *Unitherm Food Systems, Inc. v. Swift–Eckrich, Inc.*, —— U.S. ——, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006), in support of their contention that the Metcalfs cannot pursue the remedy of a new trial on appeal because they did not make an appropriate post-verdict motion in the District Court. *Unitherm*, however, deals with the specific situation of a party's failure to renew, post-verdict, a Rule 50 motion challenging the sufficiency of the evidence in a civil jury trial. *Id.* The

Supreme Court held that without satisfying this crucial step, the party cannot on appeal seek the remedy of a new trial on the basis that the evidence below was insufficient to support the jury verdict. *Id.* at 989. No Rule 50 motion was ever made by the Metcalfs, nor do they challenge the sufficiency of the evidence on appeal. Therefore, *Unitherm* is inapposite and the Metcalfs have not waived their ability to challenge the District Court's rulings.

by failing to admit this and other similar hearsay statements of intent offered by the three witnesses.

■ Nonetheless, even though the District Court erred by excluding some of the witnesses' hearsay testimony, that error did not prejudice the Metcalfs. First, the District Court cured the error by instructing the jury to consider Jerome Metcalf's testimony regarding Warren's intent. *Cf. United States v. Charmley,* 764 F.2d 675, 677 (9th Cir.1985) (holding that a cautionary instruction cured any prejudice caused by the court's earlier error in allowing the jury to hear inadmissible evidence); *Duff v. Page,* 249 F.2d 137, 141 (9th Cir.1957) (holding improper exclusion of evidence was remedied by court's instruction to jury, which contained information of custom and usage that was "substantially to the same effect" as the excluded evidence). Thus, even though the District Court erroneously excluded some of the admissible hearsay statements, it later gave specific instructions to the jury that it should consider precisely the testimony that was excluded.

Second, the Metcalfs presented other circumstantial evidence of Bochco's access to their works, including: (1) Warren's admission that he had received the three works; (2) Warren's admission that he assisted the Metcalfs in marketing the works; (3) evidence that Warren attended one meeting to personally pitch the project to a producer; (4) evidence that Warren had an incentive to find a buyer for the project because he signed a letter of intent to star in it, and did not have regular work at the time he received the copyrighted works; and (5) evidence of Warren's long-standing business relationship with Bochco. This evidence, combined with the District Court's instruction to the jury to consider Jerome Metcalf's hearsay testimony regarding Warren's intent, presented a case for access that would not have

been significantly bolstered by additional testimony regarding Warren's intent. We therefore hold that the improperly excluded evidence would have been cumulative, and that the exclusion of this testimony could not have tainted the jury's verdict. *See Pau,* 928 F.2d at 888 & n. 2. Accordingly, we conclude that the Metcalfs were not prejudiced by the District Court's error in excluding the three witnesses' hearsay statements regarding Warren's intent and that the District Court's error therefore does not warrant reversal.

### ii. Expert Witness

A district court's decision not to allow expert testimony is reviewed for abuse of discretion. *See Wong v. Regents of the Univ. of Cal.,* 410 F.3d 1052, 1060 (9th Cir.2005).

During the Final Pretrial Conference held on December 8, 2003, the Metcalfs asked, for the first time, that the District Court allow them to designate an expert witness and submit his testimony during trial. After a brief discussion, the Court refused. The Metcalfs contend that the District Court erroneously denied their request.

■ We hold that the District Court did not abuse its discretion by denying the Metcalfs' untimely request to designate an expert.

Federal Rule of Civil Procedure 26(a)(2)(C) directs parties to disclose the identity of an expert who will be used at trial to present evidence

> at the times and in the sequence directed by the court. In the absence of other directions from the court, or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial.

Fed.R.Civ.P. 26(a)(2)(C). Here, the District Court exercised its discretion to require disclosure of experts "at the times and in the sequence directed by the court." *Id.* The District Court's pretrial order of October 29, 2002, set a date for the Final Pretrial Conference, and ordered the parties to "comply with the Pretrial procedures and deadlines set forth in Local Rule 16." Although the Final Pretrial Conference was rescheduled several times, and discovery re-opened for limited purposes, the Court never lifted its order that the parties comply with Local Rule 16.

Central District of California Local Rule 16 requires parties to file a witness list with the district court twenty-one days in advance of the Final Pretrial Conference. L.R. 16–3, 16–4. This witness list should contain "the information required by F.R.Civ.P. 26(a)(3)(A) and (B)." L.R. 16–4. Rules 26(a)(3)(A) and (B) require the parties to provide the names and other identifying information of the witnesses they plan to call at trial, including expert witnesses. Fed.R.Civ.P. 26(a)(3)(A) & (B).

The Metcalfs timely filed this required witness list prior to the Final Pretrial Conference. As the Metcalfs admitted at the Conference, however, this list *did not* contain the name of the expert witness the Metcalfs were attempting to designate at the Conference. Thus, the Metcalfs violated the requirements of Rule 16 by failing to list their expert witness prior to the Conference.

Additionally, the Metcalfs did not provide a good reason for why they could not have designated their expert earlier since they knew from the start of the case that substantial similarity, which they now assert the expert would have testified to, would be at issue. *See Wong,* 410 F.3d at 1060–61 (holding that the untimely designation of an expert was not justified by a good reason when the need for that expert's testimony could have been reasonably anticipated before the deadline for designation because the expert would have testified regarding a major element of the plaintiff's claim).

Because the Metcalfs failed to list their expert witness as required by Local Rule 16–4, the District Court did not abuse its discretion by denying the Metcalfs' untimely request to designate an expert.

### iii. Late–Revealed Chart

■ The District Court did not abuse its discretion by denying the Metcalfs' request, made on the day of closing arguments, to present an additional chart to the jury. Central District of California Local Rule 16–2.10 required the Metcalfs to exchange a copy of the chart with the Defendants ten days before the trial took place. Because this exchange did not occur, and the Metcalfs failed to show good cause for why it did not, the District Court did not abuse its discretion by preventing the Metcalfs from presenting their late-revealed chart to the jury.

■ The Metcalfs were also not prejudiced by the District Court's decision not to allow use of the chart. The late-revealed chart would have shown, in additional detail, the similarities between the selection and arrangement of the elements in the Metcalfs' works and "City of Angels." The Metcalfs, however, were allowed to present a similar, previously exchanged chart during their closing argument. That chart was not as complete as the new chart they were attempting to use, but it accomplished the same purpose of comparing the arrangement and selection of elements in their works with those in the "City of Angels." Additionally, all of the more detailed evidence of substantial similarity the Metcalfs were attempting to present in their new chart was already before the jury, even if not in chart form, so exclusion of the chart did

not prevent any evidence from reaching the jury. *See United States v. Wood,* 943 F.2d 1048, 1053 (9th Cir.1991) (finding that "charts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves"). Therefore, the Metcalfs suffered no prejudice from the exclusion of their late-revealed chart.

## II. Attorney's Fees

We review a district court's decision to award attorney's fees under the Copyright Act for abuse of discretion. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.,* 259 F.3d 1186, 1197 (9th Cir.2001).

A district court has discretion to award attorney's fees to a prevailing party in a copyright action. 17 U.S.C. § 505; *see also Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir.1996). That discretion is guided by five factors: (1) degree of success of prevailing party; (2) frivolousness of losing party's claim; (3) motivation of losing party; (4) objective unreasonableness (factual and legal) of losing party's claim; and (5) advancing the goals of compensation and deterrence. *Jackson v. Axton,* 25 F.3d 884, 890 (9th Cir.1994). In applying these factors, a court should be "faithful to the purposes of the Copyright Act." *Fogerty,* 510 U.S. at 534 n. 19, 114 S.Ct. 1023.

### A. Award of Attorney's Fees to Warren

The District Court awarded attorney's fees to Warren because it found that Warren achieved complete success on the merits, the Metcalfs' claim was objectively unreasonable, and the objectives of the Copyright Act would be served by an award of fees. While the District Court also found that the Metcalfs' claim was not frivolous, nor was there any evidence of

bad faith, not every factor need be met for a court to award fees. *See Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 558 (9th Cir.1996). We agree with the District Court's assessment and weighing of the factors.

Furthermore, even if, as the Metcalfs contend, their contributory infringement claim against Warren was not objectively unreasonable, the District Court would not have abused its discretion by awarding fees based solely on its conclusion that Warren achieved complete success on the merits and an award would serve the objectives of the Copyright Act. *See Fantasy,* 94 F.3d at 556–60 (upholding an award of attorney's fees based on the prevailing party's success and the policy objectives of the Copyright Act, even though the district court found that none of the "culpability" factors—frivolousness, motivation, or objective unreasonableness—weighed against the losing party).

### B. Denial of the Defendants' Motion for Attorney's Fees

In their cross-appeal, the Defendants contend that the District Court abused its discretion by denying their fee motion.

A district court must state explicit reasons for its decision regarding a fee motion so that the appellate court is able to understand the decision and review it for abuse of discretion. *See Mattel, Inc. v. Walking Mountain Prods.,* 353 F.3d 792, 815 (9th Cir.2003). If the district court fails to provide sufficient reasoning for its conclusions, we independently review the record to determine if it supports the district court's decision. *Id.* A remand is only appropriate if the district court's conclusion is unsupportable. *Id.*

This District Court's order denying the Defendants' request for attorney's fees is succinct. The District Court noted that the parties had engaged in a "stern strug-

gle," and each of the Defendants, as a "prevailing party," qualified for an award of fees. The District Court then summarily concluded, "having considered and applied the numerous factors in its exercise of discretion," the fee award should be denied.

Our independent examination of the record supports the District Court's decision to deny fees to the Defendants. The first factor, degree of success, weighs in favor of the Defendants because they obtained complete success on the merits. *See Fantasy*, 94 F.3d at 556. However, the Metcalfs twice survived summary judgment on their claim of infringement; therefore, the claim was not frivolous. There is also no evidence that the Metcalfs acted in bad faith.

Additionally, we conclude that the Metcalfs' infringement claim was not objectively unreasonable. To prove infringement the Metcalfs needed to show that the Defendants (1) had access to their copyrighted works, and (2) produced a substantially similar work, "City of Angels." *Metcalf v. Bochco*, 294 F.3d 1069, 1072 (9th Cir.2002). The Metcalfs submitted testimony that, if believed by the jury, might have established access. They also adduced some evidence, including the detailed testimony of Laurie Metcalf, to support their claim of substantial similarity in the selection and arrangement of the works. Indeed, as noted above, the District Court, with firsthand knowledge of the parties' evidentiary submissions, recognized that they had engaged in a "stern struggle."

Finally, the Defendants argue that awarding fees in this case would deter future meritless litigation and be faithful to the purposes of the Copyright Act because it would encourage defendants to defend against unmeritorious claims.

However, since the Metcalfs' claims were not objectively unreasonable, they also are not meritless. Thus, these same arguments could be made on behalf of any Copyright Act defendant who pursues his defenses to trial and is successful. Yet, fees are not awarded automatically to every prevailing party, but at the court's discretion. *Zuill*, 80 F.3d at 1371.

Because about half of the factors weigh in favor of Defendants and about half against them, the record does not compel an award of attorney's fees. Accordingly, the District Court did not abuse its discretion by denying attorney's fees to the Defendants.

**AFFIRMED.**