*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MARTHA L. BRYANT,

*Plaintiff-Appellee,*

v.

No. 07-5006

DOLLAR GENERAL CORP.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 05-00840—Robert L. Echols, District Judge.

Argued: March 13, 2008

Decided and Filed: August 15, 2008

Before: MOORE, GILMAN, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Keith D. Frazier, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, Nashville, Tennessee, for Appellant. Douglas B. Janney III, Nashville, Tennessee, for Appellee. **ON BRIEF:** Keith D. Frazier, Jonathan O. Harris, OGLETREE, DEAKINS, NASH, SMOAK & STEWART, Nashville, Tennessee, for Appellant. Douglas B. Janney, III, Nashville, Tennessee, for Appellee. Jay E. Sushelsky, AARP FOUNDATION LITIGATION, Washington, D.C., for Amicus Curiae.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellee Martha Bryant ("Bryant") prevailed in a jury trial on her claim that Defendant-Appellant Dollar General Corporation ("Dollar General") fired her in retaliation for her exercise of leave guaranteed by the Family and Medical Leave Act ("FMLA"). Dollar General now appeals, contending that the FMLA does not prohibit retaliation against an employee who takes FMLA leave. Bryant has filed a motion to dismiss Dollar General's appeal, arguing that we lack jurisdiction because Dollar General failed to file a post-verdict motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). Prior to oral argument, the AARP requested leave to file a brief *amicus curiae* in support of Bryant, arguing that federal courts have widely accepted that the FMLA and related federal regulations prohibit retaliation against an employee who takes FMLA leave. We **DENY** Bryant's motion to dismiss Dollar General's appeal, **GRANT** the AARP's motion for leave to file a brief *amicus curiae*, and, because we hold that both the FMLA and its implementing regulations prohibit employers from

1

retaliating against employees who have exercised FMLA leave, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Dollar General's appeal presents a purely legal issue—whether the FMLA prohibits retaliation against an employee's exercise of FMLA leave—and accordingly the factual background of the case has little bearing on the outcome of this appeal. As a result, we provide only a brief recitation of the underlying facts.

In 2001, Bryant began working for Dollar General as a senior programmer analyst in its financial marketing department. In 2002, Bryant was diagnosed with Type II diabetes, high blood pressure, and a heart condition, and Bryant's supervisors were aware of her conditions. In early 2004, Dollar General assigned Bryant to the Distribution Center Transaction Project ("DCT Project"), a project that was running behind schedule and missing deadlines. Joint Appendix ("J.A.") at 330 (Trial Tr. at 207).

In early May 2004, Bryant completed paperwork for FMLA leave; shortly afterward, Dollar General began a disciplinary process against her, allegedly for her involvement in an office argument in late April 2004. Bryant took FMLA leave from May 12 to 14 and from May 19 to May 23, 2004, and Dollar General fired her on May 27, 2004. Bryant testified in a deposition and at trial that, at the time Dollar General fired her, a supervisor commented on her health problems, stating that "[b]ecause of your health, I don't think you can do the job." J.A. at 423 (Trial Tr. at 344).

In October 2005, Bryant filed this lawsuit, claiming that Dollar General had violated the Americans with Disabilities Act ("ADA") and the FMLA. In August 2006, the district court granted Dollar General's motion for summary judgment on Bryant's claims under the ADA and her claim for harassment under the FMLA, but denied the motion as to Bryant's claim for retaliation under the FMLA.

A trial on Bryant's FMLA retaliation claim occurred from October 31, 2006, to November 2, 2006. At the conclusion of the parties' proofs, Dollar General made an oral motion for judgment as a matter of law. Dollar General argued that the relevant statutory section of the FMLA, 29 U.S.C. § 2615, does not prohibit retaliation against the exercise of FMLA leave. J.A. at 481 (Tr. of Oral Argument) (arguing that the statute only "specifically deals with discrimination 'against any individual for opposing any practice made unlawful by this subchapter'") (quoting § 2615(a)(2)). Dollar General noted that a regulation, 29 C.F.R. § 825.220(c), "expanded somewhat" on § 2615 and that the regulation "says[] 'An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave.'" J.A. at 481 (quoting § 825.220(c)). Dollar General's counsel continued, stating that "[l]ooking at the regulations, again it just prohibits discrimination against an employee who has used FMLA leave. Ms. Bryant testified . . . that the first time she exercised rights under FMLA, took FMLA leave, was on May 12th of 2004." J.A. at 482. Dollar General then argued that "the question then becomes whether the fact that she took six days off . . . is enough to leave a jury a question of fact as to whether her termination was the result of taking that leave. And the defendant's position is that it is not." J.A. at 482 (Trial Tr. at 463).

The district court denied Dollar General's motion, stating that "it's a jury question for the jury to determine whether there is that required causal connection between the adverse employment—that is, her termination—and the fact that she took time off under the Family and Medical Leave Act." J.A. at 494.

Dollar General asserted its statutory interpretation claim again in argument about the jury instructions. Dollar General stated its position that the jury instruction

should read that instead of "for having exercised rights," it should say "for taking leave under the Family and Medical Leave Act."

The source for that, again, as I explained during the Rule 50 motion, is the statute itself does not provide for a retaliation claim such as the one being brought. The statute only provides for a retaliation claim when an individual has opposed practices.

And the regulations—29, CFR, Section 825.220(c). That is the source for this particular part of the claim. And the first sentence says, "An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." It does not say for exercising FMLA rights.

And so . . . we're asking again . . . that the instructions and the claim mirror the language of the regulation.

J.A. at 497 (Trial Tr. at 472) (quoting 29 C.F.R. § 825.220(c)); *see also* J.A. at 515-16 (Trial Tr. at 498-99) (requesting again that "consistent with the regulations, we would ask that rather than 'exercising their rights' that that be 'taking leave'"). The district court declined to make Dollar General's proposed change to the jury instructions and, after the district court instructed the jury, Dollar General again stated its position regarding "the language of the statute," namely "that there should be no instruction, because the FMLA does not provide for a retaliation claim under these circumstances. The only circumstance is when an individual opposes—it's an opposition clause, like under Title VII. And that's the only issue covered by [the] FMLA." J.A. at 528 (Trial Tr. at 572).

The jury returned a verdict in favor of Bryant on the FMLA-retaliation claim and awarded her $73,942.68 in damages.[1] Dollar General made no post-verdict motions. Following the district court's entry of judgment on November 21, 2006, Dollar General timely appealed.

In May 2007, Bryant filed a motion in our court to dismiss Dollar General's appeal for lack of jurisdiction. In June 2007, Dollar General filed a response, and Bryant then filed a reply. On July 30, 2007, a panel of our court filed an order referring Bryant's motion to dismiss to the merits panel.

## II. ANALYSIS

### A. Bryant's Motion to Dismiss for Lack of Jurisdiction

In her motion to dismiss Dollar General's appeal, Bryant argues that Dollar General's post-verdict failure to renew its pre-verdict Rule 50 motion for judgment as a matter of law deprives our court of jurisdiction under the Supreme Court's decision in *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). Dollar General responds by arguing that Bryant reads *Unitherm* too broadly and that in any event our court has jurisdiction to consider Dollar General's statutory interpretation argument through its objections to the jury instructions or by construing its pre-verdict motion as one brought pursuant to Federal Rule of Civil Procedure 12(h)(2), which permits a defendant to raise "at trial" the defense that the plaintiff's has "[f]ail[ed] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(h)(2). We agree with Dollar General and **DENY** Bryant's motion to dismiss because Dollar General's objections to the jury instructions support our jurisdiction in this case.

Dollar General's principal argument on appeal is that the FMLA does not prohibit an employer from firing an employee because that employee took FMLA-guaranteed leave. Dollar General's repetition of this argument in challenging the jury instructions suffices to preserve the

---

[1] The district court later awarded Bryant an additional $73,942.68 in liquidated damages, together with interest, pursuant to 29 U.S.C. § 2617. J.A. at 221-25 (Liquidated Damages Order).

issue for our review. That Dollar General *also* made this argument in a pre-verdict Rule 50 motion for judgment as a matter law and then failed to renew that motion post-verdict is therefore inconsequential, even if we were to accept Bryant's reading of *Unitherm*.[2]

As stated above, Dollar General repeatedly challenged the jury instructions, adopting the same basic position it took in its oral motion for judgment as a matter of law and arguing "that there should be no instruction, because the FMLA does not provide for a retaliation claim under these circumstances. The only circumstance is when an individual opposes—it's an opposition clause, like under Title VII. And that's the only issue covered by [the] FMLA." J.A. at 528; *see also* J.A. at 497-98, 515-16. We review jury instructions "as a whole to determine whether they fairly and adequately present the issues and applicable law to aid the jury in making its determination," and "the correctness of jury instructions is a question of law, which we review *de novo*." *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 880-81 (6th Cir. 2007). Further, we may reverse a judgment "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Id.* at 881. Finally, "objections regarding jury instructions must be made at the trial level in order to preserve such objections for appeal." *Libbey-Owens-Ford Co. v. Ins. Co. of N. Am.*, 9 F.3d 422, 427 (6th Cir. 1993); *see also Rand v. Nat'l Fin. Ins. Co.*, 304 F.3d 1049, 1052 (11th Cir. 2002) (stating that "[b]ecause [appellant] objected to the jury instruction at trial, it did not need to include the objection in its new trial motion in order to preserve it for appeal").

## B. Whether the FMLA Prohibits Retaliation Against an Employee's Exercise of FMLA Leave

Dollar General's principal argument on appeal is that the statutory text of the FMLA does not prohibit retaliation of the type that Bryant alleged and that the jury found occurred. That is, Dollar General asserts that the FMLA does not bar an employer from firing an employee because that employee took FMLA leave. Dollar General instead contends that the relevant statutory text pertains only to situations in which an employee has "oppos[ed] any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a)(2). We conclude that Dollar General's argument has no merit and that the FMLA prohibits an employer from terminating an employee for taking FMLA-guaranteed leave.

Dollar General advances a strictly textual argument that the FMLA does not prohibit retaliation against employees who exercise FMLA leave. The relevant statutory provision is 29 U.S.C. § 2615, titled "Prohibited acts." In full, § 2615 provides:

    (a)    Interference with rights
        (1)    Exercise of rights
            It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
        (2)    Discrimination

---

[2] Because we conclude that Dollar General's objections to the jury instructions preserved its claim for appeal, we need not resolve the parties' dispute regarding the effect of *Unitherm* on Dollar General's failure to renew, post-verdict, its Rule 50 motion, in which Dollar General raised a question of law and not a question going to the sufficiency of the evidence. We do note in passing that ample support exists for Dollar General's interpretation that the Supreme Court's decision in *Unitherm* "only addresses pre-verdict motions that are based upon the 'sufficiency of the evidence.'" Appellant Reply Br. at 11. Indeed, the Seventh Circuit has concluded that "in *Unitherm*, the Court was specifically addressing the situation of a litigant seeking a new trial on the basis of the insufficiency of the evidence" and that "[t]he Court did not hold that a court of appeals may not award a new trial on the basis of an erroneous evidentiary decision" in the absence of a post-verdict motion. *Fuesting v. Zimmer, Inc.*, 448 F.3d 936, 939 (7th Cir. 2006). Likewise, in *Metcalf v. Bochco*, 200 F. App'x 635, 637 n.1 (9th Cir. 2006), the Ninth Circuit stated that *Unitherm* "deals with the specific situation of a party's failure to renew, post-verdict, a Rule 50 motion challenging the sufficiency of the evidence in a civil jury trial" and reasoned that "*Unitherm* is inapposite" to Metcalf's case because the appellants did not "challenge the sufficiency of the evidence on appeal."

> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.
>
> (b)  Interference with proceedings or inquiries
>     It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—
>     (1)  has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;
>     (2)  has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or
>     (3)  has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

29 U.S.C. § 2615.

Also relevant to this issue is 29 C.F.R. § 825.220(c), a federal regulation issued by the Department of Labor interpreting § 2615. *See Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1123 n.9 (9th Cir. 2001) (citing 29 U.S.C. § 2654 and cases concluding that regulations issued pursuant to statutory delegation receive deference under *Chevron USA Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 843-44 (1984)). Section 825.220(c), titled "How are employees protected who request leave or otherwise assert FMLA rights?," provides:

> (c) An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies.

29 C.F.R. § 825.220(c). In addition, § 825.220(b) states that "[a]ny violations of the Act or of these regulations constitute interfering with, restraining, or denying the exercise of rights provided by the Act."

Dollar General argues that § 2615(a)(2) "only speaks of retaliation for 'opposing any practice made unlawful' by the FMLA, and thus does not encompass Bryant's claim that she was fired for taking FMLA leave." Appellant Br. at 3. Dollar General also contends that "Bryant has never asserted an 'interference' claim under 29 U.S.C. § 2615(a)(1)" and that, although various Sixth Circuit cases have involved claims of retaliation under § 2615(a)(2), "[n]o party has ever asserted to the Sixth Circuit Court of Appeals that the plain language of 29 U.S.C. § 2615(a)(2) does not encompass a claim that one was retaliated against for taking FMLA leave." Appellant Br. at 24, 27. Finally, Dollar General argues that "[t]o the extent 29 C.F.R. § 825.220(c) is read to implement the retaliation prong, § 2615(a)(2), that regulation is manifestly contrary to the plain language of that prong and therefore invalid." Appellant Br. at 43.

Several problems plague Dollar General's argument, including its failure in the district court to challenge § 825.220(c), a federal regulation that expressly interprets the FMLA as prohibiting an employer from discriminating against an employee for using FMLA leave. Although Dollar General argues on appeal that this regulation is invalid, *see* Appellant Br. at 31-32, 43-47, *nowhere* below did Dollar General attack the validity of this regulation. In the portions of its appellate brief challenging the validity of § 825.220(c), Dollar General does not include a single citation to the Joint Appendix demonstrating that it challenged the regulation below. *See* Appellant Br. at 2, 31-32, 43-

47. Indeed, at oral argument, counsel for Dollar General acknowledged that it never cited *Chevron* below in making its repeated statutory interpretation argument.

Despite our general rule that "'[i]ssues not presented to the district court but raised for the first time on appeal are not properly before the court,'" we have "stated that it may be appropriate to consider a new issue on appeal if it is 'presented with sufficient clarity and completeness' for us to resolve the issue.'" *McFarland v. Henderson*, 307 F.3d 402, 407 (6th Cir. 2002) (quoting *J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1488 (6th Cir. 1991), and *Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)) (alteration in original). Further, we have "'most commonly'" exercised our discretion to reach issues not raised below when "'the issue is one of law, and further development of the record is unnecessary.'" *Id.* (quoting *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993)). Given that Dollar General's challenge to the validity of a federal regulation presents a pure a question of law and requires no further development of the record, this case presents an appropriate circumstance for exercising our discretion to reach an issue not raised below. We therefore consider the merits of Dollar General's arguments that the statutory text of the FMLA does not prohibit an employer from taking adverse employment action against an employee who takes FMLA leave, as well as its argument that § 825.220(c), a federal regulation that prohibits that precise conduct, is invalid.

The overwhelming consensus of the case law in the circuits as well as the nature of the statutory scheme and the FMLA's legislative history weigh strongly in favor of rejecting Dollar General's argument that the FMLA itself does not prohibit retaliating against an employee who exercises FMLA leave. Courts throughout the country have observed that the FMLA "was clearly intended to provide [] protection" against "discharg[ing] or discriminat[ing] against an employee for exercising her rights under the Act." *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 n.4 (1st Cir. 1998); *see also Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008) (stating that the FMLA "makes it unlawful for employers to . . . retaliate against employees who exercise" their FMLA rights)[3]; *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002) (stating that "[t]he FMLA prohibits employers from discriminating against employees for asserting rights under the Act," and that "[t]his prohibition necessarily includes consideration of an employee's use of FMLA leave as a negative factor in an employment action") (footnote omitted); *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1206-07 (11th Cir. 2001) ("[T]o succeed on a retaliation claim, an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right."); *King v. Preferred Tech. Group*, 166 F.3d 887, 891 (7th Cir. 1999) ("[T]he FMLA also affords employees protection in the event they are discriminated against for exercising their rights under the Act.").

The structure of the FMLA itself and its legislative history also strongly support interpreting § 2615(a)(2) as prohibiting retaliation against employees who use FMLA leave. Section 2612(a)(1) "entitles qualifying employees to twelve weeks of unpaid leave each year if, among other things, an employee has 'a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 719 (6th Cir. 2003) (quoting 29 U.S.C. § 2612(a)(1)(D)). After an employee takes such leave, the FMLA generally requires that, upon the employee's return, the employer restore the employee "to the position of employment held by the employee when the leave commenced" or restore the employee "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). As the Eighth Circuit has observed, "the FMLA does not provide leave for leave's sake, but instead provides leave with an expectation an employee will

---

[3] Our circuit has repeatedly accepted such claims of retaliation for taking FMLA leave. *See, e.g.*, *Arban v. West Publ'g Corp.*, 345 F.3d 390, 403 (6th Cir. 2003) (holding that "there was sufficient evidence to support the jury's conclusion that West retaliated against Arban for taking leave under the FMLA"); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446-48 (6th Cir. 2007); *Bryson v. Regis Corp.*, 498 F.3d 561, 569-71 (6th Cir. 2007).

return to work after the leave ends." *Throneberry v. McGehee Desha County Hosp.*, 403 F.3d 972, 978 (8th Cir. 2005). Any "right" to take unpaid leave would be utterly meaningless if the statute's bar against discrimination failed to prohibit employers from considering an employee's FMLA leave as a negative factor in employment decisions. Interpreting § 2615(a)(2)'s ban on discrimination in a manner that would permit employers to fire employees for exercising FMLA leave would undoubtedly run contrary to Congress's purpose in passing the FMLA. *See Cavin*, 346 F.3d at 719 (noting that "Congress enacted the FMLA because . . . 'there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods'" and that "[t]he FMLA 'accommodates the important societal interest in assisting families by establishing minimum labor standard[s] for leave'") (quoting 29 U.S.C. § 2601(a)(4) and H.R. Rep. No. 103-8(I), 103d Cong., 1st Sess. 1993, at *21). Indeed, the legislative history to the FMLA summarized the testimony of numerous individuals who lost their jobs after taking medical and family leave. H.R. Rep. No. 103-8(I), 103d Cong., 1st Sess. 1993, at *26 ("There are many similar stories of workers who have been fired when their employers refused to provide an adequate leave of absence. These accounts, and many others like them presented to the committee over the past eight years, illustrate the human and economic costs of terminating employees at times of great family need.").

In light of the foregoing, we conclude that the FMLA itself prohibits employers from taking adverse employment actions against employees based on the employee's exercise of FMLA leave. We thus also conclude that the Department of Labor's interpretation of § 2615 in § 825.220 is a reasonable interpretation of the statute and a valid exercise of agency authority. Dollar General acknowledges that Congress delegated authority to the Secretary of the Department of Labor to "prescribe such regulations as are necessary to carry out" the Act, 29 U.S.C. § 2654, and that the Department of Labor's interpretation receives deferential review under *Chevron*, Appellant Br. at 43-45. Dollar General simply argues that § 825.220(c) "is 'manifestly contrary to' the plain language of § 2615(a)(2)" in that "the regulation would alter § 2615(a)(2) in a fundamental way [because] it would rewrite § 2615(a)(2) to proscribe retaliation for taking FMLA leave, even though § 2615(a)(2) only prohibits retaliation for opposing a practice made unlawful by the FMLA." Appellant Br. at 45, 46-47. As we have explained, in light of the overwhelming consensus in the courts that the FMLA *does* prohibit such retaliation, we disagree that the plain text fails to afford employees protection from retaliation against the exercise of FMLA leave. Further, the structure and purpose of the Act, as well as its legislative history, support our interpretation that Congress intended the FMLA to prohibit employers from considering an employee's use of FMLA leave as a negative factor in employment decisions.

Although Dollar General asserts that no other defendant has advanced its statutory interpretation argument and that its attack on the existence of a retaliation claim for taking FMLA leave under § 2615 presents a case of first impression, the asserted failure of other defendants to raise this argument may not be an accident. Dollar General's reading of the statute would essentially render the FMLA a nullity. Their interpretation would require us to believe that—despite including statutory provisions granting eligible employees the "rights" to take up to twelve weeks of unpaid leave in a twelve-month period and to be restored to their prior positions or equivalent positions upon their return—Congress wished to erect no obstacle to prevent employers from terminating employees who exercise their newly granted "rights." Established principles of statutory interpretation caution against interpretations that "lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress." *Vergos v. Gregg's Enters., Inc.*, 159 F.3d 989, 990 (6th Cir. 1998) (citing *United States v. Turkette*, 452 U.S. 576, 580 (1981)). In enacting the FMLA, Congress plainly stated that "the purpose of this Act" included establishing a right for "employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b). Interpreting the language in § 2615(a)(2), which bars employers from discriminating against employees, in a manner that would permit employers to terminate employees for taking qualifying

medical leave is fundamentally inconsistent with the clear, unambiguous purpose of the FMLA.  As a result, we must reject Dollar General's argument.

## III.  CONCLUSION

For the reasons discussed above, we **DENY** Bryant's motion to dismiss for lack of jurisdiction, **GRANT** the AARP's motion for leave to file a brief *amicus curiae*, and **AFFIRM** the judgment of the district court.