**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0372n.06

**No. 09-5377**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| **JOHN A. KING, D.O.**; **JOHN A. KING, LLC**, | ) | **FILED**<br>**Jun 21, 2010**<br>LEONARD GREEN, Clerk |
| *Plaintiffs-Appellants,* | ) | |
| v. | ) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE MIDDLE<br>DISTRICT OF TENNESSEE |
| **HOSPITAL CORPORATION OF AMERICA, et al.**, | ) | |
| *Defendants-Appellees.* | ) | **O P I N I O N** |

**BEFORE:** **KEITH, COLE, and GIBBONS, Circuit Judges.**

**COLE, Circuit Judge.** Plaintiffs-Appellants Dr. John A. King and John A. King, LLC appeal the district court's denial of their motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the following reasons, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

King is an osteopathic physician who practiced in Putnam County, West Virginia, from November 2002 until June 2003. He initially was granted orthopedic and spinal privileges at Putnam General Hospital, but his privileges later were suspended on June 5, 2003. In addition, his application for anesthesiology privileges at Putnam General was denied.

During the past five years, King has filed four lawsuits relating to the denial and revocation

of his medical privileges. He filed the first on June 6, 2005, in the Southern District of West Virginia, *see Kings v. Teays Valley Health Servs., Inc.* ("*King I*"), No. 2:05-cv-00463. The district court granted a Rule 12(b)(6) motion filed by the defendants and dismissed the case with prejudice. King filed a second suit on May 24, 2006, in the Southern District of West Virginia, *see King v. Teays Valley Health Servs., Inc.* ("*King II*"), Case No. 2:06-cv-0408. King voluntarily dismissed that action. King filed his third action on October 26, 2007, in the Middle District of Tennessee, *see King v. Teays Valley Health Servs., Inc.* ("*King III*"), Case No. 3:07-cv-01064. The defendants filed a motion to dismiss, which is still pending. King filed this case—his fourth lawsuit—on February 29, 2008, in the Middle District of Tennessee, *see King v. Teays Valley Health Servs., Inc.* ("*King IV*"), Case No. 2:08-cv-00018.

The procedural history of this case (*King IV*) is as follows. On February 29, 2008, King and John A. King, LLC (collectively, "Appellants") filed suit. On August 27, 2008, however, the district court entered an order to stay the case, pending the outcome of King's bankruptcy proceeding. Then, on November 17, 2008, Appellant's counsel, Robert Bard, filed a notice of voluntary dismissal. Counsel also filed a motion to withdraw as counsel of record. The district court subsequently lifted the stay in order to rule on the Appellants' motion to dismiss. The court first observed that the motion was silent as to whether the dismissal was with or without prejudice. Next, the court acknowledged that King previously had taken a voluntary dismissal in *King II*—a case that the court concluded contained a number of the same defendants and the same claims. Relying on Federal Rule of Civil Procedure 41(a)(1)(B), which concerns voluntary dismissals and states that "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice

of dismissal operates as an adjudication on the merits," the court dismissed *King IV* with prejudice. (R. 37, Order.)

On December 31, 2008, the Appellants filed a Motion for Relief from Final Judgment pursuant to Rule 60(b), arguing that the district court's order was void and that they were surprised by the dismissal. The Appellants then filed an Amended Motion for Relief from Final Judgment. The district court denied both motions, noting that neither motion addressed Rule 41(a)(1)(B), the court's reasoning for dismissing the case with prejudice. On February 12, 2009, the Appellants tried again, filing a Motion for Rehearing, but the result was the same. The district court denied the motion because Appellants offered no grounds for relief that had not "already been exhaustively explored in the Court's prior Order." (R. 48, Order.)

Appellants timely appealed.

## II. ANALYSIS

On appeal, Appellants make two claims to support their argument that the district court's Rule 60(b) ruling should be reversed: (1) that they did not authorize their attorney to voluntarily dismiss their case, and (2) that this case (*King IV*) and the previously dismissed case (*King II*) are substantially different. We conclude, however, that Appellants have waived both arguments. *See Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1172 (6th Cir. 1996) ("Issues that are not squarely presented to the trial court are considered waived and may not be raised on appeal.").

As a threshold matter, the parties dispute whether the relaxed pro se standard applies to Appellants' pleadings. *See Wagenknecht v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) ("When determining whether to dismiss a *pro se* complaint, these complaints are held to less stringent

standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). On February 29, 2008, Appellants filed the complaint in this case pro se, but shortly thereafter attorney Robert Bard began filing papers on their behalf. On July 24, 2008, the district court concluded that "[b]ased on the motion filed by [counsel]" Appellants were "no longer pro se." In addition, as the district court recognized in its order denying Appellants' Rule 60(b) motion for relief from judgment, "[Appellants] were not acting pro se at any time because the Court had not granted the motion to withdraw filed by [Bard]." (R. 42, Order, 2.) Because the district court record does not show that the withdrawal motion was granted, we conclude that Appellants were not proceeding pro se and thus the relaxed standard does not apply. Even if, however, we came to the opposite conclusion, the result would be the same. As we explain below, Appellants' pleadings are so lacking that they could not meet even the relaxed standard because "pro se parties must still brief the issues advanced with some effort at developed argumentation." *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (internal quotation marks omitted).

Appellants first claim that the filing of the motion for voluntary dismissal was unauthorized. In their Motion for Relief from Final Judgment before the district court, they argued that their counsel simultaneously withdrew and filed the notice of dismissal and "counsel, may or may not, have authority to file for withdrawal as counsel and at the same time move the court for a dismissal of the plaintiff's cause of action." (R. 38, Motion for Relief from Judgment, 1.) Appellants went on to say that they were "surprised to learn" that the bankruptcy trustee abandoned the cause of action, but at no point did they assert that the dismissal motion was without their authorization or outside the scope of counsel's authority. (*Id.* at 2.) Now, on appeal, Appellants argue that the filing

of the dismissal was unauthorized because counsel failed to notify Appellants and failed to obtain their consent. Thus, their argument that the dismissal motion was unauthorized has evolved, and the district court did not consider their present argument.

That the issue was not raised before the district court is especially problematic because Appellants' argument that counsel did not have permission to file the dismissal motion is not a pure question of law. Instead, the claim requires the panel to determine the factual circumstances surrounding the filing of the motion—information that is not in the record—and appellate review of a waived issue is not appropriate where the record is insufficiently developed. *Cf. Bryant v. Dollar Gen. Corp.*, 538 F.3d 394, 400 (6th Cir. 2008) (permitting consideration of issues not raised below when the issue is one of law, and "further development of the record is unnecessary") (internal quotation marks omitted)). To "preserve the integrity of the appellate structure," we will not permit this "back-up theor[y] [to] be mounted for the first time" and instead deem the argument waived. *Estate of Thomas P. Quirk v. Comm'r,* 928 F.2d 751, 758 (6th Cir. 1991) (internal quotation marks omitted).

Appellants' second argument—that *King II* and this case are different—suffers from the same defect. In their Amended Motion for Relief, Appellants conceded that this case and *King II* "include[] many of the same claims" and share "many of the same defendants as well," but then went on to claim that "[t]he pleadings have separate and distinct merit." (R. 40, Amended Motion for Relief from a Final Judgment, 1.) How the claims are distinct, however, is not explained. The district court therefore did not have before it the argument now articulated on appeal. Instead, the court had only a passing assertion that the two claims were not the same, and Appellants' "vague

reference" to this argument "does not squarely present the argument pressed here on appeal." *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) (declining to review an argument that was mentioned only in passing in plaintiff's opposition to summary judgment).

In the final analysis, even the most charitable reading of Appellants' district court filings shows that their arguments on appeal were not properly raised before the district court and are therefore waived. We therefore decline to review their arguments.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.